FILED'09 MAR 17 11:03 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAMONICA M. MOORE,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Civil No. 08-67-HA

OPINION AND ORDER

HAGGERTY, Judge:

Plaintiff Damonica M. Moore brings this action for judicial review of the defendant Commissioner's final decision denying her supplemental security income benefits (SSI) under the Social Security Act, 42 U.S.C. § 401 *et seq.* (the Act). This court has jurisdiction under 42 U.S.C. §§ 401-433 and 1381-1383(c)(3) (which incorporates 42 U.S.C. § 405(g)). For the following reasons, the court reverses the Commissioner's decision and remands for further proceedings.

1      OPINION AND ORDER

Plaintiff was determined to be eligible for disability benefits by hearing decision issued in 1999. Tr. of Admin. R. (hereinafter, Tr.) 29-36. In February 2006, Administrative Law Judge (ALJ) Jones ruled that plaintiff was no longer eligible for benefits. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision final. Plaintiff now seeks judicial review of that final decision.

## STANDARDS

The parties agree that this action is a benefits cessation action based upon plaintiff's alleged medical improvement. The Act provides that a claimant must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Once a claimant is found disabled, a presumption of continuing disability arises. *See Bellamy v. Sec'y of Health & Human Svcs.*, 755 F.2d 1380, 1381 (9th Cir. 1985); *Mendoza v. Apfel*, 88 F. Supp. 2d 1108, 1113 (C.D. Cal. 2000). A claimant's continued entitlement to benefits is reviewed periodically. *See* 20 C.F.R. §§ 404.1594(a), 416.994(a). Generally, with some exceptions, a claimant's disability cannot be terminated unless substantial evidence demonstrates "medical improvement" in the claimant that has resulted in the ability to engage in substantial gainful activity (SGA). *See* 42 U.S.C. § 423(f); 20 C.F.R. §§ 404.1594(a), 416.994(a); *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983).

Although the claimant retains the burden of proof, the presumption of continuing disability shifts the burden of production to the Commissioner to produce evidence to meet or rebut the presumption. *See Bellamy*, 755 F.2d at 1381.

The Commissioner's regulations establish a sequential evaluation procedure consisting of up to eight steps for evaluating whether a claimant's disability continues:

1. Whether the claimant is currently engaging in SGA;

2. If not, whether the disability continues because the claimant's impairments meet or equal the severity of a listed impairment;

3. Whether there has been a medical improvement;

4. If there has been a medical improvement, whether it is related to the claimant's ability to work;

5. If there has been no medical improvement or if the medical improvement is not related to the claimant's ability to work, whether any exception to medical improvement applies;

6. If there is medical improvement and it is shown to be related to the claimant's ability to work, whether all of the claimant's current impairments in combination are severe;

7. If the current impairment or combination of impairments is severe, whether the claimant has the residual functional capacity to perform any of his past relevant work activity, and

8. If the claimant is unable to do work performed in the past, whether the claimant can perform other work.

*See Delph v. Astrue*, 538 F.3d 940, 945-946 (8th Cir. 2008) (citing 20 C.F.R. § 404.1594(f)); *see also* 20 C.F.R. § 416.994(b)(5).

A "medical improvement" is defined as a "decrease in the medical severity of the impairment which was present at the time of the most recent favorable medical decision." 20

3       OPINION AND ORDER

C.F.R. § 404.1594(b)(1). The determination of a decrease in medical severity must be "based upon changes (improvement) in the symptoms, signs and/or laboratory findings associated with the impairment." *Id.*

To determine whether the claimant's signs, symptoms, and laboratory findings have shown medical improvement, the ALJ compares the claimant's condition at the comparison point date to the claimant's present condition. *See* 20 C.F.R. §§ 404.1594(b)(7), 416.994(b)(1)(vii).

The medical improvement must also be "related to ability to do work," and so the decrease in medical severity of the impairments is measured against any increase in the claimant's "functional capacity to do basic work activities." 20 C.F.R. §§ 404.1594(b)(3), 416.994(b)(1)(iii). To determine whether the medical improvement is related to the ability to work, the Commissioner ordinarily will compare the claimant's residual functional capacity (RFC) at the time of the most recent favorable decision with a current RFC based on only those impairments which were present at the time eligibility was most recently approved.

A determination that medical improvement related to the ability to do work has occurred does not necessarily mean that a claimant's disability has ended. The claimant must also be currently able to engage in SGA. *See* 20 C.F.R. §§ 404.1594(b)(3), 416.994(b)(1)(iii). If the Commissioner finds that the claimant's condition has medically improved, and also that the improvement is related to the claimant's ability to work, then the Commissioner will consider the claimant's current impairments and determine whether these may, nonetheless, preclude SGA. *See* 20 C.F.R. §§ 404.1594(b)(5) & (f); 416.994(b)(1)(iii), (b)(5). In essence,

the sequential five-step analysis originally applied to determine disability is applied once again. *See Delph*, 538 F.3d at 946.

Similarly, in cessation cases this court relies upon the same standards for reviewing the Commissioner's final decision. The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted).

**ANALYSIS**

Plaintiff contends that the ALJ's determination that a medical improvement occurred and her disability ended is not supported by substantial evidence in the record. The

5       OPINION AND ORDER

Commissioner submits that the finding of medical improvement is supported by substantial evidence in the record. This evidence consists primarily of a medical report that interpreted certain test scores by plaintiff as reflecting "the malingering of an individual who is actually much less impaired than she would let on." Dft's Response Brief at 5 (quoting narrative report of Dr. Kolbell). "It follows," opines defendant's counsel, "that Plaintiff's abilities have improved since the 1999 comparison point." Id.

Because this is a cessation of benefits case where the primary issue is whether plaintiff's medical condition improved with respect to her ability to work, the court need only focus on evidence relevant to this issue. Specifically, as discussed above, plaintiff's condition in 1999 – the date of the most recent favorable disability determination – is the starting point. It is undisputed that plaintiff was disabled at that time due to her mental impairments. The question presented is whether her condition improved after that date and, if so, whether that improvement related to her ability to work.

As defendant acknowledges, the Commissioner's decision that plaintiff's abilities have improved is based upon Dr. Kolbell's conclusion that plaintiff put forth a "largely inadequate and incomplete effort" on intelligence testing, and that plaintiff's "motivation for optimum performance may have been compromised." Tr. 115. Although plaintiff's test scores demonstrate that she continues to meet or equal the impairment listings that she met in 1999, Dr. Kolbell's interpretation of those scores is that they should be construed as invalid due to plaintiff's apparent malingering. Dft's Brief at 5.

This court disagrees with defendant's supposition that plaintiff's medical improvement should be assumed because of Dr. Kolbell's opinion that plaintiff is a malingerer. As

established above, what constitutes a claimant's "medical improvement" is clear. There must be a decrease in the medical severity of the impairment which was present at the time of the most recent favorable medical decision. Moreover, the determination of a decrease in medical severity is measured by *changes* in the symptoms, signs and/or laboratory findings associated with the impairment. Such changes are evaluated by comparing the claimant's condition at the comparison point date to the claimant's present condition. *See* 20 C.F.R. §§ 404.1594(b)(7), 416.994(b)(1) (vii).

Instead of referring to changes in plaintiff's symptoms, signs or laboratory findings, defendant concedes that the Commissioner's belief that plaintiff's impairment improved is largely based upon Dr. Kolbell's suggestion that plaintiff's test scores – which otherwise confirm continuing disability – should be invalidated. Doctor Kolbell's conclusion is insufficient to meet or rebut the legal presumption of plaintiff's continuing disability. *See Bellamy*, 755 F.2d at 1381.

The Commissioner's decision here is not supported by substantial evidence in the record as a whole. The opinion of Dr. Kolbell regarding plaintiff's test scores is inadequate to support a conclusion that plaintiff has experienced medical improvement since 1999 and is now capable of SGA. In light of this, this action must be remanded.

As noted above, 42 U.S.C. § 405(g) provides jurisdiction for this court to review administrative decisions in Social Security benefits cases. The fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)). A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorney's fees even when the case has been remanded for further administrative action. *Id.* (citing *Schaefer*, 509 U.S. at 297-302).

Conversely, remands ordered pursuant to sentence six of Section 405(g) "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Akopyan*, 296 F.3d at 854-55 (citing *Schaefer*, 509 U.S. at 297 n.2). Unlike sentence four remands, sentence six remands are not final judgments. *Id.*

The issues presented in this action compel a remand under sentence four. Whether to remand under sentence four for an award of benefits, or for further proceedings, is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). When outstanding issues must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179.

However, when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed, it is appropriate to exercise this

8     OPINION AND ORDER

discretion to direct an immediate award of benefits. *Id.* (the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings); *see also Benecke v. McCarthy*, 379 F.3d 587, 593 (9th Cir. 2004).

This rule recognizes "the importance of expediting disability claims." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves. *Id.*

On the other hand, a decision to remand for further proceedings is appropriate when such proceedings are likely to be useful. *Harman*, 211 F.3d at 1179. In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of plaintiff's continued eligibility can be made. Further proceedings will be useful, and I exercise the discretion of the court to remand this case for additional administrative proceedings.

Specifically, pursuant to this remand, plaintiff and Commissioner shall develop the record regarding plaintiff's current impairments. Upon remand, the ALJ is instructed to obtain updated medical records concerning plaintiff. The ALJ shall also provide plaintiff an opportunity to submit additional medical evidence in support of her alleged limitations.

Additionally, the ALJ shall ascertain plaintiff's functional limitations and her assessments in accordance with all applicable administrative and legal standards. The ALJ shall address and give full consideration to all lay witness testimony submitted in support of plaintiff's continued eligibility for benefits. Plaintiff shall be permitted to be represented by

counsel, present witnesses and evidence, and to access, refer to and submit into the record all testimony and evidence that has been presented already.

The ALJ shall also elicit and assess plaintiff's testimony, and provide adequate explanations establishing that her testimony and all lay witness testimony was considered in accordance with all applicable standards and laws, and fully evaluated in the assessment of plaintiff's continued eligibility for benefits.

**CONCLUSION**

This court concludes that further administrative proceedings are necessary to determine plaintiff Damonica Moore's continued eligibility for SSI benefits. This case is reversed and remanded for such proceedings in accordance with this Opinion.

IT IS SO ORDERED.

DATED this 17 day of March, 2009.

Ancer L. Haggerty, Judge
United States District Court